UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIA A. PADILLA, <br><br> Plaintiff, <br><br> v. <br><br> SCOTT & ASSOCIATES, P.C., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 3:19-cv-01797 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes MARIA A. PADILLA ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of SCOTT & ASSOCIATES, P.C. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Texas.

### PARTIES

1

4. Plaintiff is a natural person over 18 years-of-age residing in Dallas, Texas, which lies within the Northern District of Texas.

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

6. Defendant is a debt collection law firm holding itself out as a debt collector whose principal purpose is the collection of consumer debts.[1] Defendant is a professional corporation organized under the laws of the state of Texas with its principal place of business located at 1120 Metrocrest Drive, Suite 100, Carrollton, Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

10. The subject debt stems from purportedly past due payments Plaintiff is said to owe to Capital One, N.A. ("Capital One") stemming from a personal credit card Plaintiff was issued by Capital One.

11. After Plaintiff purportedly defaulted on her obligations to Capital One, the subject debt was subsequently sold to LVNV Funding, LLC ("LVNV"), who then retained Defendant to collect upon the subject debt.

12. On or about July 5, 2019, Defendant sent Plaintiff a collection letter regarding the subject debt. *See* Exhibit A.

---

[1] https://www.spalaw.com/consumers.html

13. This was the first communication Plaintiff received from Defendant regarding the subject debt.

14. The letter states "You have either sent this Firm or our Client a Cease and Desist notification in writing. Under Section 15 USC 1692c of the FDCPA, this letter will serve the following purposes . . . ."

15. However, Plaintiff has never sent Plaintiff nor LVNV *any* cease and desist letter in the mail or otherwise indicated in writing an unwillingness to address the subject debt.

16. Defendant's false representation to the contrary greatly confused and concerned Plaintiff, as she was led to believe she had taken action in connection with the subject debt which she had not.

17. Defendant's collection letter further states "At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, **if you fail to contact this office, our client may consider additional remedies** to recover the balance due" (emphasis added).

18. The collection letter goes on to state: "If you have questions about this Account, **you may contact us at 866-298-3155 between the hours of 8AM-6PM CST, M-F. Otherwise, the Firm will consider all remedies** available to recover the balance due" (emphasis added).

19. As such, in two instances in the collection letter, Defendant ties the implicit threat of legal action (given that this is a debt collection communication from a law firm, regardless of whether an attorney reviewed the circumstances of the account, the letter's multiple references to "additional remedies" and "all remedies" suggests the potential for litigation) with suggestions that such legal action could be avoided if Plaintiff called Defendant.

20. Therefore, Defendant's collection letter was designed to compel Plaintiff to call Defendant regarding the subject debt in order to avoid potential legal action.

21. This reading of the letter is further evinced when considering Defendant's "if you have questions" language, in combination with the blatantly false representation regarding Plaintiff having submitted a written cease and desist letter to either LVNV or Defendant.

22. A consumer who has been told they submitted a written cease and desist, but actually had not, would *undoubtedly* have questions about the account, and call Defendant about the confusion.

23. As of the drafting of this Complaint, Plaintiff has never received a phone call from Defendant regarding the subject debt – nor has she communicated with Defendant in any manner.

24. Therefore, taking all of the above together and upon information and belief, Defendant crafted its collection letter in a manner to be *so* confusing and *so* threatening to Plaintiff that she would be compelled to contact Defendant, in turn providing Defendant Plaintiff's telephone information, through which Defendant would be able to utilize a more effective method of collection communication – telephone calls.

25. After all, Defendant offers consumers upon whom it is attempting to collect debts "multiple forms of communication, including online, phone, mail, and email."[2]

26. As such, Defendant's collection letter utilized literal falsehoods and implicit threats in a deceptive, misleading, and unfair attempt to gather contact information from Plaintiff in order to better effectuate its collection efforts.

27. Defendant's false suggestion as to Plaintiff's submission of a written cease and desist further deceptively and unfairly deprived Plaintiff of her ability to receive accurate and truthful information regarding the subject debt, further inhibiting her ability to receive communications

---

[2] https://www.spalaw.com/consumers.html

she otherwise may have found helpful when determining how to intelligently address the subject debt.

28. Defendant's conduct further violated Plaintiff's substantive right to be free from deceptive and misleading collection communications under the FDCPA.

29. Frustrated and confused with the nature of Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

30. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, as well as being deprived the ability to intelligently address the subject debt given Defendant's violations of law.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

33. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

34. Defendant identifies itself as a debt collector, and is a business the principal purpose of which is collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

35. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes. Medical bills incurred for personal purposes constitute a "debt" under the FDCPA.

    **a. Violations of 15 U.S.C. §1692e**

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The false representation of the character, amount, or legal status of any debt…" 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated § 1692e, e(2)(A), and e(10) when it falsely represented that Plaintiff had submitted a written cease and desist letter to either Defendant or LVNV. Plaintiff never submitted such written request, illustrating the literal falsity of Defendant's representation. Defendant's false representation inhibited Plaintiff's ability to intelligently address the subject debt given the blatant misrepresentation as to the true status of the subject debt.

39. Defendant further violated § 1692e and e(10) through the deceptive and misleading ways in which the collection letter was designed to compel Plaintiff to contact Defendant. While there is nothing facially deceptive about encouraging an individual to contact a debt collector, the manner through which Defendant's letter ties: threats of litigation with indications that Plaintiff calling Defendant would avoid litigation, and creates questions through false representations and invites Plaintiff to contact Defendant if there are any questions, illustrates the extent to which Defendant's attempts to get Plaintiff to contact it were achieved through pressure-intensive and deceptive means. The fact Plaintiff has not received any phone calls from Defendant, in combination with the nature of the letter, gives rise to the reasonable inference that Defendant's collection letter was intentionally crafted to confuse Plaintiff into calling Defendant so that Defendant could use a more efficient, and effective, method of debt collecting.

### b. Violations of 15 U.S.C. §1692f

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated 15 U.S.C. §1692f when it unfairly indicated that Plaintiff had submitted a written cease and desist letter. Plaintiff had never submitted such a letter. As such, Defendant considering that Plaintiff had submitted a written cease and desist letter unfairly put Plaintiff in the position of being treated as a debtor who was otherwise unwilling to address the debt or receive further communications.

42. Defendant further violated 15 U.S.C. § 1692f when it unfairly utilized false and deceptive representations in an effort to subject Plaintiff to more intensive methods of debt collection.

WHEREFORE, Plaintiff, MARIA A. PADILLA, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 29, 2019                                         Respectfully submitted,

s/ Nathan C. Volheim                                         s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                             Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                        Counsel for Plaintiff
Admitted in the Northern District of Texas                   Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.                                     Sulaiman Law Group, Ltd.

2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com